J-S92022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GUY WILLIAM SIMPSON | |
| Appellant | No. 626 WDA 2016 |

Appeal from the Judgment of Sentence March 30, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0001446-2010

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MAY 16, 2017**

Guy William Simpson appeals from the March 30, 2016 judgment of sentence entered in the Mercer County Court of Common Pleas following his violation of probation.  We affirm.

The trial court set forth the following factual and procedural history:

> Simpson entered into a negotiated guilty plea on June 8, 2011 where he pl[e]d guilty to Theft by Unlawful Taking, 18 Pa.C.S. § 3921(a).[1]  The conviction arose out of an incident where Simpson broke into three vehicles at Time Warner Cable in Hermitage, and stole several items valued at approximately $3,000.  He was sentenced to three years' supervised probation consecutive to his existing parole, and was ordered to pay $1[,]200 in restitution on July 14, 2011.  On October 15, 2016, while incarcerated, Simpson was arrested for assaulting another inmate at The

_____

[*] Retired Senior Judge assigned to the Superior Court.

Mercer County Jail. At Simpson's **Gagnon**[1] II hearing on February 11, 2016, he admitted to a probation violation due to the new conviction, and the Court revoked his probation. On March 30, 2016, the Court resentenced Simpson to pay the same $1,200 in restitution and undergo imprisonment for two to four years in a state correctional facility.

> [1] Simpson was also charged with Burglary (18 Pa.C.S. § 3502), Criminal Trespass (18 Pa.C.S. § 3503), and Theft from a Motor Vehicle (18 Pa.C.S. § 3934), however these charges were disposed of as part of the Guilty Plea/Nol[le] Pros agreement.

Opinion Pursuant to Pa.R.A.P. 1925(a), 6/16/16, at 1-2. On April 7, 2016, Simpson filed a motion to modify sentence, which the trial court denied that same day. On April 28, 2016, Simpson filed a timely notice of appeal.

Simpson raises the following issues on appeal:

I. The trial court erred when it issued a manifestly excessive and clearly unreasonable resentence to Simpson by resentencing him to 2-4 years in the state penitentiary.

II. The trial court erred when it failed to consider other rehabilitative alternatives for Simpson, specifically the state motivational boot camp program.

Simpson's Br. at 5.

Simpson challenges the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address a discretionary challenge, we must determine:

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting *Commonwealth v. Malovich*, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

Simpson filed a post-sentence motion and a timely notice of appeal and included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). We must therefore determine whether he raises a substantial question for our review.

We evaluate whether a particular issue raises a substantial question on a case-by-case basis. *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa.Super. 2011). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quoting *Commonwealth v. Naranjo*, 53 A.2d 66, 72 (Pa. 2002)).

In his statement of reasons relied upon for allowance of appeal, Simpson maintains that he raises a substantial question because the sentence is excessive and was unnecessary to vindicate the authority of the court. Simpson's Br. at 11. Simpson's bald excessiveness claim, by itself,

- 3 -

does not raise a substantial question. ***Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa.Super. 2012). Further, the trial court imposed a sentence of confinement for a probation violation because Simpson committed a new criminal offense, not to vindicate the court's authority.[2] ***See*** Order, 2/11/16 (noting Simpson admitted to a probation violation "in that he has a new conviction" and finding that, because of the probation violation, Simpson's probation was revoked). Accordingly, because the court did not impose the sentence to vindicate the court's authority, Simpson's claim does not raise a substantial question. ***Cf. Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa.Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, **and not a new criminal offense**, implicates the 'fundamental norms which underlie the sentencing process'") (quoting ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000)) (emphasis added).

Even if Simpson's claims raised a substantial question, we would conclude that they lacked merit. "Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." ***Crump***, 995 A.2d at 1282. "An abuse of discretion requires

_____

[2] The Sentencing Code provides that a trial court "shall not impose a sentence of total confinement upon revocation unless it finds that: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Id.***

The Sentencing Code requires a trial court to impose a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b); ***see Commonwealth v. Walls***, 926 A.2d 957, 962 (Pa. 2007). Further, "[u]pon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration." ***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa.Super. 2014); 42 Pa.C.S.A. § 9771(b). "[T]he trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Id.*** (quoting ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa.Super. 2013)). In addition,

> [I]n all cases where the court resentences an offender following revocation of probation . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1040–1041 (Pa.Super.2013) (internal quotations omitted); 42 Pa.C.S. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's

- 5 -

consideration of the facts of the crime and character of the offender." ***Crump***, 995 A.2d at 1282–1283.

***Id.*** (alterations in original).

Here, the trial court stated at the time of sentencing:

Your childhood was difficult. You have some mental health diagnoses. You were using alcohol and marijuana when out in the past.

I note three juvenile arrests, two adjudications; seventeen adult arrests, fifteen convictions. You've been paroled and placed on probation and there have been violations.

You also have thirty-four Motor Vehicle Code arrests or violations, twenty-seven resulted in . . . convictions. You do have a variety of theft offenses in your past. You have a prior record for Simple Assault. There was also – you had a [protection from abuse order] against you at one time. You were in state prison.

Your inmate adjustment summary from the jail was poor. You had one major misconduct, four minor, and three 24-hour tickets.

You pl[e]d guilty in this case in June of 2011 before Judge Fornelli. He sentenced you to probation in July of 2011. You had a parole violation in 2014, but you weren't revoked. You had a parole violation in 2015, not revoked. You had a parole violation[3] in which you were revoked and brings us here today.

. . .

[A]gain, I note that your last offense was while incarcerated in the county jail.

You don't have much of a work history.[4]

_____

[3] Simpson was before the trial court for a probation violation.

[4] Simpson and the trial court discussed Simpson's work history, which included working at: Family Christian Store for three years; Foot Locker for

*(Footnote Continued Next Page)*

. . .

>     There's certainly a strain of violence throughout your history.
>
>     I do need to consider the impact of the crime on the victim. Although this was back in 2007, certainly when someone is a victim of theft [that] affects them, affects their business.
>
>     . . .
>
>     I have to consider the impact of the offense on the community. Again, people need to be secure in their own belongings, their place of work, and you destroy that when you commit a crime such as you did.
>
>     I have to consider whether I need to protect the community. Given your long history, . . . I believe you will be – violate the law again and I believe that your – any treatment or rehabilitation can best be served in state penitentiary.

N.T., 3/30/16, at 15-19.

The trial court did not abuse its discretion, and the sentence of 2 to 4 years' incarceration is not excessive. The trial court considered the facts of the crime and Simpson's character, and considered the protection of the public, "the gravity of the offense as it relates to the impact on the life of the victim and on the community," and Simpsons' rehabilitative needs. ***See*** 42

_(Footnote Continued)_ _____

one year, before he was fired; Labor Ready for three months; Destination XL for approximately four months, after which he lost his job because he was arrested; and Dillon's for approximately nine months, after which he was fired due to a non-violent altercation. Simpson also informed the court that for three months he was a stay-at-home father.

Pa.C.S. § 9721(b). Further, the trial court stated its reasons for imposing the sentence on the record.[5]

Judge of sentence affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/16/2017

---

[5] Simpson's second issue maintains that the trial court erred by not sentencing Simpson to boot camp, which he had requested in his motion to modify sentence. Simpson, however, waived this issue because he did not raise this issue in his Rule 2119(f) statement.